Eastern District of Kentucky
F I L E D
SEP - 9 2013
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Civil Action NO. 13-64-HRW

ROY E. STILTNER, PLAINTIFF,

v. **MEMORANDUM OPINION AND ORDER**

NORFOLK SOUTHERN RAILWAY COMPANY, DEFENDANT.

This matter is before the Court upon the Defendant Norfolk Southern Railway Company's Motion to Dismiss Pursuant to FRCP 12(b)(1) & (6) [Docket No. 5]. For the reasons stated herein, the Court finds that it lacks subject matter jurisdiction over this matter and, therefore, it will be dismissed.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Roy Stiltner was employed by Defendant Norfolk Southern Railway Company (hereinafter "Norfolk Southern") at its Wheelersburg Terminal as an equipment operator beginning in December of 1990 [Complaint, Docket No. 1-2, ¶ 4]. He alleges that the performance of his job duties caused him to suffer repetitive trauma to his upper extremities and that he was unaware of the injury, and its alleged cause, until June of 2010 [Complaint, Docket No. 1-2, ¶ 5]. He filed the instant lawsuit in the Circuit Court of Greenup County, purporting to allege a cause of action under the Federal Employers Liability Act (hereinafter "FELA"), 45 U.S.C. §§ 51-60, for his alleged injuries. Defendant filed a Notice of Removal pursuant to 29 U.S.C. § 1331, arguing that this matter is governed by the Longshore and Harbor Workers Compensation Act (hereinafter "Longshore Act"), 33 U.S.C. § 901, *et seq.* and, as such, involves

1

a federal question [Docket No. 1]. This Court sustained the removal.

Norfolk Southern now seeks a dismissal of the Complaint, asserting that, pursuant to the Longshore Act, the Department of Labor has exclusive jurisdiction of Plaintiff's claim.

## II. STANDARD OF REVIEW

The purpose of a motion to dismiss is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). For purposes of dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). A plaintiff must set forth in the complaint "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard "demands more than an unadorned, defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). When a plaintiff fails to plead facts supporting entitlement to relief, it is appropriate to grant dismissal pursuant to a Rule 12(b)(6). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also, Monette v. Electronic Data Systems, Corp.*, 90 F/3d 1173, 1189 (6th Cir. 1996). Consequently, a complaint will not be dismissed unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

## III. ANALYSIS

Defendant maintains that the Longshore Act governs Plaintiff's claims and that, pursuant to the Act, it is the Department of Labor, as opposed to this Court, which has jurisdiction over them.

The Longshore Act requires that the sole remedy for an employee injured during the course of maritime employment is an administrative action brought before the department of Labor. 33 U.S.C. § 919. In determining the application of this exclusivity provision, this Court must determine whether Plaintiff's alleged injuries were sustained during the course of maritime employment. This inquiry is two-fold: first, this court must ascertain if the injury was sustained while working "upon the navigable waters of the United States." 33 U.S.C. § 903(a). Second, the injured employee must be engaged in maritime employment. 33 U.S.C. § 902(3). These two criteria are referred to as the maritime "status" and "situs" requirements. *Northeast Marine Terminal Co. v. Caputo*, 432 U.S. 249, 264-265 (1977). In conducting this inquiry, this Court must construe the Longshore Act liberally, so as to broaden its coverage. *Id.* at 268.

Maritime "situs" is defined expansively to include "any adjoining pier, wharf, drydock, terminal, building way, marine railway or other adjoining area customarily used by an employer in loading, unloading, repairing, dismantling or building a vessel." 33 U.S.C. § 903(a).

In this case, Defendant's Wheelersburg Terminal, where Plaintiff is employed, is contiguous to the Ohio River and one of its primary operations includes loading coal onto barges for shipment on the river. Therefore, the Court finds the "situs" requirement is met.

The second inquiry, that of maritime "status," involves the examination of the job duties of the employee. The Court is mindful that neither the location or the task performed at the time

of the injury is material to the "status" determination. *Caputo*, 432 U.S. at 273. As an attachment to its motion, Defendant submitted an Affidavit from its Terminal Manager, Joshua Smith [Docket No. 5-1] in which he lists, in detail, the specific duties assigned to Plaintiff, which include barge drafting. [Docket No. 5-1, ¶ 13].[1] As a barge drafter, Plaintiff actually boarded the barge and measured the depth of the river to the top of the barge. After the barge was loaded with coal, he re-boarded the barge and again measured to ensure the barge was not over-loaded. *Id.* This task plainly qualifies as maritime in nature.

Plaintiff's other duties include rotary dumper operator (loading coal onto a conveyor belt which carried the coal to a chute, ultimately depositing it onto the barge), stacker operator (removing coal from rail car and stockpiling for further movement to barge or rail) and loader (loading coal onto the barge) [Docket No. 5-1, ¶ 8- 13]. Although land-based, these tasks are an integral part of the barge loading and unloading process and, therefore, qualify as maritime employment. *See Chesapeake & O. Ry. V. Scwwalb*, 493 U.S. 40, 46 (1989). Indeed, given location and nature of Plaintiff's duties and the broad reach of the Longshore Act, one would be

---

[1] In this case, Defendant attached the Affidavit The Court considered this Affidavit in ruling upon the subject motion. The plain language of Rule 12(b) and this court's application of it requires that when a court looks beyond the pleadings and materials appended to or incorporated in it by reference, the court must convert the motion to one for summary judgment. *Sinclair v. Schriber*, 916 F.2d 1109, 1112 (6th Cir. 1990). Plaintiff did not submit a rebuttal affidavit, despite the three months which have passed since the filing of the motion and affidavit. *See e.g. Song v. City of Elyria, Ohio*, 985. F.2d 840, 842 (6th Cir. 1993)(party could not claim prejudicial surprise when it was aware that materials outside the pleading had been submitted to the court before the court granted the motion).

4

hard pressed to consider his job anything but maritime in nature.

Although Plaintiff insists that his duties are broader than those described in Smith's affidavit, he neglects to elaborate in any way. This type of bare allegation is not enough to defeat a dispositive motion.

## IV. CONCLUSION

Plaintiff's claims are subject to the exclusive remedy section of the Longshore Act. As such, this court lacks subject matter jurisdiction over this matter.

Accordingly, IT IS HEREBY ORDERED that Defendant Norfolk Southern Railway Company's Motion to Dismiss Pursuant to FRCP 12(b)(1) & (6) [Docket No. 5] be **SUSTAINED** and this matter be **DISMISSED WITH PREJUDICE** and **STRICKEN** from the docket of this Court.

This 9th day of September, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge